IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY LEE LUMMUS, #1749173, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:13-CV-1762-L-BK |
| § | | |
| WILLIAMS STEPHENS, Director § | | |
| TDCJ-CID, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the habeas petition be summarily dismissed as barred by the one-year statute of limitations.

**I. BACKGROUND**

Petitioner pled guilty to driving while intoxicated and was sentenced to six years' imprisonment.  *State v. Lummus*, No. 2-11-339 (382nd Jud. District Court, Rockwall County, Oct. 13, 2011).  Thereafter, the Texas Court of Criminal Appeals rejected his state habeas application.  *See Ex parte Lummus*, WR-29,476-02  (Tex. Crim. App. Mar. 6, 2013) (denying relief).  Subsequently, on May 9, 2013, Petitioner filed this federal petition.  (Doc. 3).  He later responded, pursuant to Court order, regarding the one-year statute of limitations.  (Doc. 9). [1]

**II. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court

---

[1] The dates listed were verified through information available on state court Internet web pages (Rockwall County and the TCCA), and the electronic state court habeas record obtained through the TCCA.

may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review," and from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *See* 28 U.S.C. § 2244(d)(1)(A) and (B). Sections 2244(d)(1)(B) and (C) are inapplicable here as Petitioner does not appear to base his claims on any new constitutional right and the facts supporting the grounds for relief should have been known prior to the date on which his conviction became final.

Date Conviction Became Final and Statutory Tolling

Petitioner's conviction became final on Saturday November 12, 2011 (which is extended to Monday November 14, 2011), thirty days after the October 13, 2011 judgment. *See* Tex. R. App. P. 26.2(a)(1); FED. R. CIV. P. 6(a). The one-year limitations period began running on November 15, 2011, and expired on November 14, 2012. Because Petitioner did not file his state habeas application until December 20, 2012, after the limitations period had elapsed, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).[2] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year

---

[2] Although Petitioner did not date the state habeas application, it is deemed filed on December 20, 2012, the date on which Petitioner signed a cover letter and brief in support and probably handed them to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. Mar. 5, 2013) (holding prison mailbox rule applies to state habeas application).

period has expired). Consequently, the federal petition, deemed filed as of May 6, 2013, is clearly untimely under section 2244(d)(1)(A) absent equitable tolling.[3]

State Created Impediment

In his response, Petitioner alleges that his confinement in a prison unit with a "condense[d] law library" and the "lack of typing paper ([be]cause it is not sold on commissary)" prevented the timely filing of his federal petition. (Doc. 9 at 1). Insofar as Petitioner seeks to invoke section 2244(d)(1)(B), he must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *See Upchurch v. Thaler*, NO. 3-10-CV-0987-D, 5-6 (N.D. Tex. Jan 28, 2011) (collecting cases requiring causal relationship between unconstitutional state action and being prevented from filing federal petition), *recommendation accepted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Thus, Petitioner "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original).

Here, Petitioner cannot establish a state created impediment under section 2244(d)(1)(B). His allegations that the law library was inadequate and he did not have access to typing paper are conclusory. (Doc. 9 at 1). Petitioner does not even identify the prison unit nor the beginning and ending dates of his confinement there. Nor does he allege a causal link between the alleged denial of access to an adequate law library and typing paper, and his inability to file a timely

---

[3] Although Petitioner did not date the federal petition, it is deemed filed on May 6, 2013, when Petitioner signed a brief in support and cover letter (Doc. 3 at 10; Doc. 4 at 22-23), which he submitted along with his petition. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

federal petition.  His pleadings are completely silent as to how the alleged circumstances prevented him from filing a timely section 2254 petition.  *See Krause*, 637 F.3d at 561-62 (state prisoner who only alleged that library at transfer facility was inadequate failed to establish that he was prevented from timely filing his federal petition; prisoner failed to allege that transfer facility's lack of legal materials prevented him from filing timely habeas application).

Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances.  *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010).  To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted).  "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'"  *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases).  The United States Court of Appeals for the Fifth Circuit has recognized that to pursue rights diligently, a litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong.  *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007).

Here, Petitioner did not act with due diligence during the one-year period.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity").  In fact, he squandered the entire one-year period, waiting more

than thirteen months before filing his state application.  Because he had no time left to act once the state habeas proceedings concluded, his lack of diligence is analogous to those litigants who file close to a deadline, leaving little margin for error.  *Cf. Schmitt v. Zeller*, 354 Fed. Appx. 950, 952 (5th Cir. 2009) (unpublished per curiam) (leaving only two months to act once the state habeas proceedings concluded, having squandered most of the one-year period before filing the state application, was a factor in denying equitable tolling); *Hudson v. Quarterman*, 332 Fed. Appx. 209, 210 (5th Cir. 2009) (unpublished per curiam) (eleven and one-half month delay in mailing state application after conviction became final did not evince due diligence; as such petitioner was not entitled to equitable tolling for two-week delay between mailing of state habeas application and its filing in state court).

Petitioner's lack of diligence did not end with the initial thirteen-month delay.  In fact, following the denial of his state application, Petitioner delayed an additional two months before he submitted his federal petition. *Cf. Lugo v. Thaler*, No. 3:11-CV-1146-M-BK, 2011 WL 4336684 at *2 (N.D. Tex. Aug. 24, 2011), *recommendation adopted*, 2011 WL 4336682 (N.D. Tex. Sept. 14, 2011) (petitioner did not act with due diligence because, after his conviction became final, he delayed 360 days before submitting his state application and, following the denial of his state application, he waited almost two months before mailing his federal petition); *Saunders v. Thaler*, No. 3:10-CV-0745-K, 2010 WL 2652279 at *3-4 (N.D. Tex. May 13, 2010), *recommendation adopted*, 2010 WL 2643296 (N.D. Tex. June 29, 2010) (petitioner did not act with due diligence because, after his conviction became final, he waited 303 days before mailing his state application and, following the denial of the state application, he waited 41 days before mailing his federal petition).

In addition, even when liberally construed, Petitioner's pleadings do not show that an "extraordinary circumstance" prevented timely filing. *Holland*, 130 S. Ct. at 2562. His pleadings do not explain the reason for the lengthy delay, which totaled over fifteen months. (Doc. 9 at 1-5). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Moreover, "[t]here is no reason to distinguish between delay that occurs before the filing of a state habeas application and delay that occurs afterwards." *Basalo v. Cockrell*, No. 3:02-CV-0596-H, 2003 WL 21653864 at *2 (N.D. Tex. July 11, 2003) *recommendation adopted*, 2003 WL 21961502 (N.D. Tex. Aug. 1, 2003) (unexplained delay of eleven months between date the conviction became final and date of filing of the state habeas petition did not warrant equitable tolling). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."). Likewise, the alleged constitutional violations, which occurred during the underlying state criminal proceedings (*see* Doc. 9 at 2-5), arose long before Petitioner's conviction became final and, thus, are irrelevant for purposes of equitable tolling.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).

SIGNED September 6, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE